UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES-GENERAL

✓ Priority
✓ Send
___ Clsd
___ Enter
___ JS-5/JS-6
___ JS-2/JS-3

CASE NO. CV 03-04680-NM(AJWx)      DATE June 15, 2004

TITLE: Randy Gish, Etc. -v- Billy D. Prim, et al

PRESENT:

    HON. NORA M. MANELLA JUDGE

| JUDITH HURLEY | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| ATTORNEY FOR PLAINTIFF | ATTORNEY FOR DEFENDANT |
|---|---|
| N/A | N/A |

PROCEEDINGS: IN CHAMBERS

    On June 19, 2003, Randy Gish ("Plaintiff") brought a shareholder derivative suit against Blue Rhino Corporation ("Blue Rhino"), its board of directors, and its chief operating officer/current president. On April 13, 2004, this court dismissed the First Amended Complaint ("FAC") due to Plaintiff's failure to: (1) allege contemporaneous ownership of Blue Rhino stock at the time of the alleged transactions or on the filing date of the original complaint; and (2) verify the FAC. Plaintiff appears to have corrected these deficiencies in his Second Amended Complaint ("SAC"), filed April 19, 2004.

    On April 20, 2004, Blue Rhino became a wholly owned subsidiary of FCI Trading Corp. ("FCI") ("Merger"). See Aaronoff Decl., Ex. A (Agreement and Plan of Merger in Blue Rhino's Form 8-K). On May 13, 2004, Billy D. Prim, Andrew J. Filipowski, Mark Castaneda, and Timothy Scronce ("Certain Defendants") moved to dismiss for lack of standing to maintain a derivative action subsequent to the Merger, among other grounds.[1]

    The Delaware Supreme Court has made clear that to have standing to maintain a shareholder derivative suit, "a plaintiff must be a shareholder at the time of the

---

[1] That same day, Blue Rhino separately moved to dismiss for failure to make a demand.



filing of the suit and must remain a shareholder throughout the litigation." Kramer v. W. Pac. Indus., Inc., 546 A.2d 348, 354 (1988) (citing Lewis v. Anderson, 477 A.2d 1040 (1984)); see In re First Interstate Bancorp Consol. S'holder Litig., 729 A.2d 851, 867 (Del. Ch. 1998) ("The Delaware Supreme Court has held that once a plaintiff ceases to be a shareholder, whether by reason of a merger or for any other reason, [he] loses standing to continue a derivative suit.") (citations and internal quotations omitted).

Here, the effect of the Merger was to convert each issued and outstanding share of Blue Rhino common stock into the right to receive $17 in cash from FCI, thus leaving no public shareholders of Blue Rhino. See Aaronoff Decl., Ex. A (Agreement and Plan of Merger in Blue Rhino's Form 8-K) at 12. As Plaintiff no longer owns any shares of Blue Rhino, he lacks standing to maintain his derivative suit. See Kramer, 546 A.2d at 354; Lewis, 477 A.2d at 1046; In re First Interstate Bancorp, 729 A.2d at 867.

When given a chance to address this deficiency, Plaintiff expressly refused to do so by stating: "Plaintiff is not filing any further supplemental briefing in response to Certain Defendants' supplementing its [sic] papers with reference to the merger involving Blue Rhino." Opp. at 2. In light of Plaintiff's failure to argue that he has standing after the Merger or to suggest that he could cure this deficiency in an amended complaint, the court **GRANTS** Certain Defendants' motion to dismiss with prejudice.[2]

---

[2] Given that Plaintiff's lack of standing is dispositive, the court need not reach Certain Defendants' other arguments or Blue Rhino's motion to dismiss.